```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION


JANET L. BENDER,

           Plaintiff,

     vs.                              Civil Action 2:10-CV-772
                                      Judge Frost
                                      Magistrate Judge King


COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
```

## OPINION AND ORDER

Plaintiff seeks review of the denial by the Commissioner of Social Security of her applications for disability insurance benefits and supplemental security income.  On August 11, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed.  *Report and Recommendation*, Doc. No. 16.  This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*.  *Objection,* Doc. No. 17.  The Court will consider the matter *de novo.* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of peripheral vascular disease, asthma, obesity and a history of coronary artery disease with associated hyperlipidemia. *A.R.* 23. The administrative law judge went on to find that plaintiff retains the residual functional capacity to perform a reduced range of sedentary work. *Id.* Relying on the vocational expert's testimony, the administrative law judge found that plaintiff is able to perform work that exists in significant numbers in the

national economy and that she is therefore not disabled within the meaning of the Social Security Act. *A.R.* 29.

Plaintiff asserted in her *Statement of Errors*, Doc. No. 11, and insists in her *Objection*, that the administrative law judge improperly evaluated the opinions of disability articulated by her treating family practitioners and erred in his credibility determination. The Magistrate Judge rejected these contentions and, after careful review of the record, this Court agrees with that determination.

The Magistrate Judge concluded that the administrative law judge did not err in rejecting the opinions of plaintiff's treating family practitioners:

> It is true that the administrative law judge declined to credit the opinions of plaintiff's treating family practitioners, Drs. Brandt and McCorkle. He did so, however, based on factors permitted by the regulations. For example, the administrative law judge noted that plaintiff's alleged disabling conditions have been treated by specialists and not by Drs. Brandt or McCorkle. The administrative law judge also noted that Dr. Brandt's opinion of disability and extreme limitation in her ability to engage in work-related activities was at odds with his statement that plaintiff could perform her activities of daily living. *A.R.* 27. The administrative law judge also commented that "Dr. Brandt appears to have based his assessment upon the claimant's 'self-report' of symptoms without any critical evaluation of whether the claimant's complaints are supported by the evidentiary record." *Id.* It is also significant that the administrative law judge relied on the records and the opinions of plaintiff's treating thoracic surgeon, Dr. Fallahnejad. *A.R.* 373-90. Dr. Fallahnejad's treatment notes from 2001 to 2003 indicate that plaintiff is capable of at least sedentary exertion. *Id.* Moreover, Dr. Danopulos, who consultatively examined plaintiff in March 2008, concluded that plaintiff is capable of light exertion, and the state agency physicians concluded that plaintiff could perform at least sedentary exertion. *See* A.R. 403-09, 566-72. Those medical source opinions constitute substantial support for

> the administrative law judge's residual functional capacity assessment. 20 C.F.R. §404.1527(d), (f)(2)(I). *A.R.* 23. Finally, and as the administrative law judge noted, Dr. Brandt's opinions that plaintiff is "disabled" are not entitled to any special deference. *A.R.* 27. *See* 20 C.F.R. §§404.1527(e)(1), 416.927(e)(1).

*Report and Recommendation*, pp. 15-16. The record in this action reflects extensive, and conflicting, medical evidence. However, it is for the Commissioner, and not this Court, to resolve those conflicts. *See Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff also contends that the administrative law judge improperly failed to fully credit plaintiff's subjective complaints because they "are substantiated by the opinions of her treating doctors . . . ." *Objections*, p. 6. The fact that, as noted *supra*, the administrative law judge properly rejected the opinions of plaintiff's treating family practitioners substantially undermines plaintiff's argument in this regard. Moreover, as the Magistrate Judge noted, the administrative law judge accorded extensive and detailed attention to plaintiff's subjective complaints. *See A.R.,* 28-29. He discounted those complaints in light of her activities of daily living, the conservative nature of plaintiff's recent medical treatment, the inconsistency between her testimony and the objective medical evidence and internal inconsistencies in her own testimony. The credibility determinations of an administrative law judge are to be accorded "great weight and deference, particularly since an administrative law judge is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Under the circumstances presented in this case, the Court determines that the administrative

3

law judge's credibility findings enjoy substantial support in the record.

Where, as here, the administrative law judge reached his decision by applying the proper legal standards and where that decision is supported by substantial evidence, this Court is without authority to overturn that decision.  *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

Plaintiff's *Objection,* Doc. No. 17, is **DENIED**.  The *Report and Recommendation,* Doc. No. 16, is **ADOPTED and AFFIRMED**.  The decision of the Commissioner of Social Security is **AFFIRMED.**  This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

       /s/   Gregory L. Frost
          Gregory L. Frost
   United States District Judge